STOULIG, Judge
(dissenting).
I respectfully dissent.
The thrust of the third-party pleadings filed on behalf of the original defendants John Ross and Ralph Waits, is for full indemnification from the third-party defendants, American Mutual Liability Insurance Company and Associated Indemnity Corporation-Fireman’s Fund Insurance Company, for whatever sums the third-party plaintiffs may be cast in the original action and in any event for all costs of defense and attorney’s fees.
Third party plaintiffs are entitled under their contract of insurance to (1) a full defense against the claims of the original plaintiffs; and (2) indemnification afforded by the coverage of the policy.
It affirmatively appears from the record that these obligations were fulfilled by one or both of the insurer-defendants.
Upon being tendered the defense of the third-party plaintiffs by a letter of their personal attorney dated February 18, 1970, Fireman’s Fund Insurance Company, through its attorney, advised in its letter of February 20, 1970 that it accepted the tender and would undertake the defense of these parties. Counsel furnished by Fireman’s Fund Insurance Company appeared on behalf of these insured and diligently represented them in all of the proceedings which eventually led to the compromise and dismissal of the original action. Nowhere in the record does the name of plaintiff’s personal attorney appear except on the third-party petition filed on March 23, 1972, long after Fireman’s Fund had undertaken the defense of the third-party plaintiffs on February 20, 1970. With the exception of the third-party pleadings, apparently the letter of February 18, 1970 was the only representation of the third-party plaintiffs by their personal attorney. Neither of these actions can be considered as offering a defense within the contemplation of the contract of insurance.
*858 The original claim was compromised with the entire cost of settlement being borne jointly by the two third-party defendant insurance companies. Since the third-party plaintiffs were not cast in judgment, no indemnification is due. The compromise settlement obviated the need for indemnification.
The failure of American Mutual Insurance Company to accept the tender of defense is of no legal significance under the posture of this case. Had the matter been litigated and the third-party plaintiffs cast in judgment, they could have validly contended that they were entitled to the professional ability of both attorneys; however, since the matter was compromised, the trial skill of counsel was not involved.
Based upon the record as constituted, I am of the opinion that the granting of the summary judgment was proper and should be affirmed.